```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HAYWOOD HINTON, | HON. JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil No. 03-3355 (JBS) |
| OFFICER HOGAN, UNITED STATES DEPARTMENT OF JUSTICE, and FEDERAL BUREAU OF PRISONS, | **MEMORANDUM OPINION** |
| Defendants. | |

**Simandle, District Judge:**

1. Plaintiff Haywood Hinton brought this civil action against Officer Hogan of the Federal Correctional Institution in Fairton, New Jersey, the United States Department of Justice, and the Federal Bureau of Prisons pursuant to the Federal Tort Claims Act ("FTCA"), alleging that the defendants lost two photo albums and two folders with important legal documents when he was transferred from FCI Fairton.

2. On August 18, 2004, the Court granted summary judgment in part and denied it in part, allowing plaintiff's negligence claim to regarding the loss of the property to proceed against the United States.

3. On July 27, 2007, the United States sought a stay of this action, pending the Supreme Court's decision in Ali v. Federal Bureau of Prisons, No. 06-11468, 204 Fed. Appx. 778 (11th Cir. 2006), cert granted, 127 S. Ct. 2875 (May 29, 2007).  In Ali, the Court of Appeals for the Eleventh Circuit had held that

courts lack subject matter jurisdiction to adjudicate claims against the United States like those asserted here pursuant to 28 U.S.C. § 2680(c), which exempts any liability on the part of the United States for the actions of law enforcement officers in detaining property.  Over opposition from Plaintiff, this Court granted the stay in September 2007.

4.  The matter is now before the Court on the motion of Defendant, the United States, to lift the stay and dismiss the action for lack of subject matter jurisdiction [Docket Item 47]. That motion, made returnable February 19, 2008, was not opposed.

5.  The Supreme Court has now issued its opinion in <u>Ali v. Federal Bureau of Prisons</u>, 552 U.S. ___, 128 S. Ct. 831 (2008) affirming the Eleventh Circuit's interpretation of the Federal Tort Claims Act.  The Supreme Court held that the United States retains its sovereign immunity for claims that Bureau of Prisons officers unlawfully detained or lost prisoner property and, therefore, the District Courts cannot adjudicate such claims by prisoners.

6.  Federal Rule of Civil Procedure 12(h)(3) requires this Court to dismiss a matter whenever it appears that the Court lacks subject matter jurisdiction.  Because no legally relevant distinction appears between <u>Ali</u> and this case, and because Plaintiff has argued for none, the Court shall grant the motion to dismiss for lack of subject matter jurisdiction.  An

appropriate Order shall be entered.

**March 31, 2008**                                    **s/ Jerome B. Simandle**
Date                                                  JEROME B. SIMANDLE
                                                      U.S. District Judge